IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT FITZGERALD ROBERTS, SR.,

        Plaintiff,

vs.                                         Case No. 19-3044-SAC

UNKNOWN WICHITA POLICE OFFICERS and
WICHITA POLICE DEPARTMENT,

        Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint (Doc. No. 1) and related materials pursuant to 28 U.S.C. § 1915A. Plaintiff has stated his complaint on a form for bringing a civil rights action under 42 U.S.C. § 1983.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a

1

plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567. The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.

2

United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555). A complaint alleging that several defendants violated § 1983 must plainly allege exactly who, among the many defendants named, did what to plaintiff, with enough detail to provide each individual with fair notice as to the basis of the claims against him or her. See Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1248-1250 (10th Cir. 2008).

III. The complaint

Plaintiff alleges that on an unspecified date, an unknown Wichita police officer stopped and detained plaintiff while he was walking up to a friend's house. The officer told plaintiff he was a robbery suspect and placed plaintiff in handcuffs. Other police cars arrived. Plaintiff was stood up in front of the police car lights and was later told that he was "pointed out" as participating in a violent robbery in which several hundred dollars and a gold chain were stolen. Plaintiff was then placed in a squad car. An unidentified officer and "the commanding officer" (also unidentified) asked plaintiff for permission to search plaintiff's

3

car. Plaintiff refused. Then, "the officer" took plaintiff out of the squad car, removed plaintiff's car keys from plaintiff's pocket, and unlocked and searched plaintiff's car. Plaintiff alleges that over $10,000 was removed from plaintiff's car by the officer and placed as evidence, according to the officer.

Plaintiff claims that he was booked into jail on multiple offenses, and that all except a robbery charge have been dismissed. According to plaintiff, the robbery charge remains pending even though the alleged victim who identified plaintiff has recanted. Plaintiff alleges he has been told more recently that there was no money taken from his vehicle. Plaintiff appears to claim that his money has been lost.

Plaintiff alleges illegal search and seizure, wrongful incarceration and deliberate indifference. He seeks damages "from each unknown Wichita police officer in Case No. 17-CR-894 that participated in the illegal search of [his] vehicle." Doc. No. 1, p. 7.

IV. Screening the complaint

As plaintiff is bringing a § 1983 claim, he must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (internal quotation marks omitted). Plaintiff's complaint fails to state a plausible

4

claim of a constitutional violation by a person capable of being sued for the following reasons.

First, the Wichita Police Department is governmental subunit, not a legal entity which is capable of being sued, as this court has held in multiple cases where police departments have been named as defendants.[1] E.g., Schwab v. Kansas, 2017 WL 2831508 *13 (D.Kan. 6/30/2017)(dismissing Riley County Police Department); Neighbors v. Lawrence Police Dept., 2016 WL 3685355 *6 (D.Kan. 7/12/2016); Ward v. Lenexa, Kansas Police Dept., 2014 WL 1775612 *4 (D.Kan. 5/5/2014).

Second, plaintiff's complaint fails to allege facts stating who did what to plaintiff. The complaint does not identify the defendants by name, although his criminal case has been pending for well over a year and plaintiff should have access to materials to assist him in identifying who arrested him and who searched his car. Third, the complaint does not identify the defendants by number (e.g., "John Doe # 1) so to describe what a specific, but unnamed, police officer did to violate plaintiff's constitutional rights.

---

[1] The City of Wichita is a legal entity which may be sued. But, to state a claim against the City of Wichita, plaintiff must assert that the violation of his constitutional rights was caused by a policy or custom of the City as reflected in formal regulations, widespread practice, decisions by employees with final policymaking authority or failure to train or supervise reflecting deliberate indifference to the injuries caused. Ward v. Lenexa, Kansas Police Department, 2014 WL 1775612 *4 (D.Kan. 5/5/2014)(citing Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1188-89 (10th Cir. 2010)). The complaint fails to make such allegations.

Fourth, a false arrest claim under § 1983 requires showing that the arresting officer acted without probable cause. Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012). Plaintiff indicates that he was identified during what is described as a field show-up as the perpetrator of an armed robbery. Plaintiff does not allege facts showing that this, together with other information available to the police, was insufficient for probable cause to arrest. Other cases indicate that this type of identification contributes significantly to probable cause for arrest. See Robinson v. Cook, 706 F.3d 25, 35-36 (1st Cir. 2013); Hendricks v. Sheriff, Collier Cty., Fla., 492 Fed.Appx. 90, 93 (11th Cir. 2012); Vazquez v. Rossnagle, 163 F.Supp.2d 494, 498-99 (E.D.Pa. 2/16/2001) aff'd, 31 Fed.Appx. 778 (3rd Cir. 2002); see also Russo v. City of Bridgeport, 479 F.3d 196, 204 (2nd Cir. 2011)(identification from a photo lineup); Grubbs v. Bailes, 445 F.3d 1275, 1278 (10th Cir. 2006)(as a general matter, a suspect's contradiction of a witness' accusation does not vitiate probable cause).

Fifth, any claim for malicious prosecution is not plausibly stated because plaintiff does not allege the termination of criminal proceedings in his favor. See Myers v. Koopman, 738 F.3d 1190, 1195 (10th Cir. 2013); Roddy v. Suarez, 405 Fed.Appx. 294, 296 (10th Cir. 2010).

Sixth, the complaint fails to show facts demonstrating the absence of a fair probability that evidence of a crime would be found in plaintiff's car. A warrantless search of an arrestee's vehicle is permitted when it is reasonable to believe that evidence relevant to the crime of arrest might be found. See Arizona v. Gant, 556 U.S. 332, 343-44 (2009); U.S. v. Elmore, 548 Fed.Appx. 832, 837 (3rd Cir. 2013)(probable cause to arrest robbery suspect provided good grounds to search his vehicle); U.S. v. Gonzalez, 441 Fed.Appx. 31, 35 (2nd Cir. 2011)(same involving attempted robbery); U.S. v. Sims, 2011 WL 13143569 *6-7 (C.D.Cal. 5/24/2011) aff'd, 504 Fed.Appx. 614 (9th Cir. 2013)(same involving robbery); Castillo v. Stepien, 2009 WL 4142725 *9 (D.N.J. 11/24/2009)(involving robbery arrest). Plaintiff's allegations fail to state a plausible claim for an illegal search of his car.

Seventh, the complaint fails to allege that a specific police officer or specific policy or practice is responsible for the alleged loss of cash after it was seized and placed into evidence. Eighth, the law regarding the loss of property, as a Fourth Amendment or substantive due process claim, does not appear to be clearly established and therefore any such claims are subject to a qualified immunity defense by an individual defendant. See Jessop v. City of Fresno, 918 F.3d 1031, 1035-36 (9th Cir. 2019). And, plaintiff fails to allege facts demonstrating a denial of procedural due process. To state a procedural due process claim,

7

plaintiff must plead the inadequacy or unavailability of a post-deprivation remedy. Montana v. Hargett, 84 Fed.Appx. 15, 17 (10th Cir. 2003); Roman v. FNU LNU Unknown State and Local Officials, Barton County, Kansas, 2012 WL 1970384 *4 (D.Kan. 6/1/2012). These allegations are missing from the complaint.

Finally, plaintiff's broad claim of "deliberate indifference" is a mere label or conclusion, lacking factual elaboration, and insufficient to state a claim for relief.

V. Motion for leave to proceed in forma pauperis

Upon review, the court shall grant plaintiff's motion for leave to proceed in forma pauperis. Doc. No. 2.

VI. Conclusion

Plaintiff is granted leave to proceed in forma pauperis. Plaintiff is also granted time until May 22, 2019 to either file a complete and proper amended complaint or to show cause why his original complaint should not be dismissed as failing to state a claim. If plaintiff fails to timely file a complete and proper amended complaint and fails to show cause why the original complaint should not be dismissed, then the court shall dismiss this action.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2019, at Topeka, Kansas.


                      s/Sam A. Crow _____
                      Sam A. Crow, U.S. District Senior Judge